779 So.2d 1106 (2001)
STATE of Louisiana
v.
Brenda WILLIAMS.
No. 00-1277.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
Earl B. Taylor, District Attorney, Opelousas, LA, Counsel for Appellee.
Edward Kelly Bauman, La. Appellate Project, Lake Charles, LA, Counsel for Appellant/Defendant.
Court composed of DOUCET, Chief Judge, PETERS and AMY, Judges.
AMY, Judge.
The defendant was tried and convicted of possession of cocaine, more than 26 grams but less than 200 grams, and sentenced to serve the mandatory minimum sentence. She appeals her conviction alleging that the trial court erred in allowing the State to introduce prejudicial other crimes evidence. For the following reasons, we affirm the defendant's conviction and sentence.

Factual and Procedural Background
On August 29, 1999, Detective Eddie Thibodeaux of the St. Landry Parish Sheriff's Department testified that he received *1107 information from a confidential informant that Brenda Williams (the defendant) was in possession of a quantity of cocaine. Detective Thibodeaux stated that after meeting with the informant to substantiate the information he received, he obtained a search warrant for the defendant's residence in Eunice, Louisiana. He testified that he, along with members of the Eunice Police Department arrived at the defendant's residence at approximately 7:00 p.m., August 29, 1999, to execute the search warrant.
Detective Thibodeaux testified that he found the defendant to be in possession of two medicine containers, a Tylenol bottle and a Sucrets box, both containing what appeared to be rock cocaine. Detective Thibodeaux stated that right after she was arrested, the defendant took out approximately $345.00 from her pocket, and the officers found another $600.00 cash in a boot in the closet. He further explained that the officers also found a police scanner and a .25 caliber semi-automatic pistol in the defendant's bedroom.
On January 10, 2000, the defendant was charged by bill of information with one count of possession with the intent to distribute cocaine, a violation of La.R.S. 40:964(A)(4), and one count of the illegal carrying of a weapon while in possession of a controlled dangerous substance, a violation of La.R.S. 14:95(E). On May 4, 2000, the State amended the bill of information to the charge of possession of between twenty-eight and two hundred grams of cocaine, a violation of La.R.S. 40:967(F)(a), to which the defendant entered a plea of not guilty. After trial on May 30, 2000, a jury of twelve found the defendant guilty as charged. On July 7, 2000, the trial judge sentenced the defendant to the mandatory minimum sentence of ten years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence, and payment of a $50,000.00 fine or one additional year imprisonment in lieu of payment of the fine. The defendant appealed.

Discussion of the Merits
In her only assignment of error, the defendant argues that the trial court committed reversible error in allowing the State to admit "prejudicial other crimes evidence" during her trial. Specifically, the defendant alleges that the State violated La.Code Evid. art. 404(B)(1) and State v. Prieur, 277 So.2d 126 (La.1973) by introducing evidence regarding the gun found at her residence at the time of her arrest since the evidence was irrelevant and unfairly prejudicial. The defendant also claims the evidence was inadmissible because the State failed to provide pretrial notice of its intent to introduce the other crimes evidence as required by law.
The State responds that the gun evidence was admissible and that it was not required to give notice of its intent to use such evidence, because the gun was an integral part of the charged offense and evidence regarding its presence at the defendant's residence was allowable under La.Code Evid. art. 404 and Prieur.
The relevant testimony given at trial, regarding the defendant's possession of the gun is as follows: During the State's opening argument, the prosecutor listed items found at the defendant's residence when she was arrested. When the defense attorney objected after the prosecutor mentioned the gun the police found, the trial judge had a bench conference with counsel which was not transcribed.[1] After the discussion, defense counsel stated, "We object to the court's ruling." The trial court noted the objection and allowed the State to proceed with its opening statement. Later, during Detective Thibodeaux's testimony, he mentioned that a police officer located a pistol in the defendant's bedroom. Upon mention of the gun, the following transpired:

*1108 [DEFENSE ATTORNEY]: Objection, Your Honor.
THE COURT: Objection is overruled.
[DEFENSE ATTORNEY]: I object to the court's ruling, Your Honor.
THE COURT: Your objection is noted. All rights are reserved.
The trial court also overruled the defense attorney's objection to the gun being shown to the jury.
The gun was next discussed during the defense attorney's cross-examination of Detective Thibodeaux. The defense attorney asked Detective Thibodeaux several questions about the gun and established that the State had in fact originally charged the defendant with a crime involving the gun. The following colloquy transpired at trial:
[DEFENSE ATTORNEY]: Did it occur to you that that gun you picked up might not be the defendant's?
[DETECTIVE THIBODEAUX]: Yes, sir, and I believe she made that statement.
. . . .
She made that statement that it wasn't hers, it must be for her [boyfriend].
[DEFENSE ATTORNEY]: But did you subsequently charge her with a crime with the gun?
[DETECTIVE THIBODEAUX]: Yes, sir.
[DEFENSE ATTORNEY]: Even though she told you it was his gun?
. . . .
So you did not ascertain who was the actual owner of the gun?
[DETECTIVE THIBODEAUX]: No, sir.
[DEFENSE ATTORNEY]: Did you run a check within your police department to find out who the owner of the gun was?
[DETECTIVE THIBODEAUX]: We run a check on the National Crime Information Center ... and there was no hits[] ... no use ofyou know, like it was stolen or used in a murder or something like that. As far as that, it doesn't say who the owner is.
[DEFENSE ATTORNEY]: And you didn't ascertain ... on whose side of the bed s [the boyfriend] slept?
[DETECTIVE THIBODEAUX]: No, sir.
When the prosecutor brought up the gun again, this time on cross-examination of St. Landry Police Detective Richard Lacalle, the trial court sustained the objection entered by the defense attorney. The following discussion occurred:
[PROSECUTOR]: Did you ever supply her [the defendant] with a firearm?
[DETECTIVE LACALLE]: No, sir, I did not.
[PROSECUTOR]: Did you ever bankroll her and give her any
[DEFENSE ATTORNEY]: Objection, Your Honor.
THE COURT: Sustained.
[DEFENSE ATTORNEY]: And I ask for a mistrial.
THE COURT: Approach the bench.
(Whereupon, there was a brief off-the-record discussion between the court and counsel at the bench, after which the following proceedings were had:)
[DEFENSE ATTORNEY]: Your Honor, we object to the court's ruling and we note that [the prosecutor] was warned about the gun and that he deliberately brought it up again.
THE COURT: Your objection is noted. The jury will be instructed to disregard any statements or comments made regarding any firearm.
With no indication as to the legal grounds for her objection at trial or the trial court's sustaining of the last objection and admonishment of the jury, the defendant maintains on appeal that the testimony relating to the gun was inadmissible "other crimes evidence" having no independent relevance to the crime of possession of cocaine, and was only introduced to *1109 improperly depict her as a bad person, i.e. a "gun-wielding dope dealer." Therefore, she argues, due to the State's illegal use of the other crimes evidence, her conviction should be reversed.
La.Code Evid. art. 404(B)(1), states in pertinent part:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In review of the evidence in question, we find no merit in the defendant's assertion that the trial court erred in its ruling on the admissibility of the gun evidence or that she is entitled to have her conviction reversed. Rather, we find that the discovery of the gun at the defendant's residence was an integral part or res gestae of the crime of possession of crack cocaine, for which the defendant was being tried. And although generally inadmissible, evidence of other crimes, wrongs or acts may be introduced when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the current proceeding. La.Code Evid. art. 404(B)(1). See State v. Texada, 99-1009 (La.App. 3 Cir. 2/2/00), 756 So.2d 463; State v. Broussard, 95-792 (La.App. 3 Cir. 12/6/95), 664 So.2d 835.
Recently, in State v. Colomb, 98-2813, pp. 3-4 (La.10/1/99), 747 So.2d 1074, 1075-76, the supreme court discussed the admissibility of res gestae or integral act evidence, it explained:
This Court has long approved of the introduction of other crimes evidence, both under the provisions of former R.S. 15:448 relating to res gestae evidence and as a matter of integral act evidence under La.C.E. art. 404(B), "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." State v. Brewington, 601 So.2d 656, 657 (La.1992). This doctrine encompasses "not only spontaneous utterances and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances." State v. Molinario, 383 So.2d 345, 350 (La.1980). We have required a close connexity between the charged and uncharged conduct to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." State v. Haarala, 398 So.2d 1093, 1098 (La. 1981) ...; see also 1 McCormick on Evidence, § 190, p. 799 (4th ed., John William Strong, ed., 1992) (other crimes evidence may be admissible "[t]o complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.") (footnote omitted). The res geaste or integral act doctrine thus "reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness." Old Chief v. United States, 519 U.S. 172, 186, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether *1110 doing so would deprive its case of narrative momentum and cohesiveness, "with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict." Id.

The defendant testified at trial that she knowingly possessed the crack cocaine found at the time of her arrest. She also identified from whom she obtained the crack cocaine and how much she paid for it. The evidence relating to the presence of the gun at the defendant's residence arises out of and is an integral part of the defendant's possession of cocaine. The evidence was used primarily to complete the story of the crime the defendant was charged with, by placing the discovery of the gun, as well as the police scanner and large sums of cash, in the context of contemporaneous happenings. Evidence about the gun is encompassed in the testimony of the police officers as to what they observed during or immediately after the defendant's commission of possession of the crack cocaine. Accordingly, we find no error in the State's introduction of this evidence at trial.
Finally, we dismiss the defendant's assertion that the State was required to give pre-trial notice of its intent to use evidence relating to the gun. No pre-trial notice is necessary for other crimes evidence when the evidence forms an integral part of the crime charged. State v. Arvie, 97-990 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, writ denied, 98-2461 (La.1/29/99), 736 So.2d 827. Thus, due to reasons discussed previously above, we find this argument to be without merit.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Brenda Williams, are affirmed.
AFFIRMED.
NOTES
[1] An affidavit supplied by the court reporter indicates that the bench conferences mentioned in this memorandum were not recorded.