854 So.2d 914 (2003)
STATE of Louisiana
v.
Jerome Anthony JOSEPH.
No. 2002-1370.
Court of Appeal of Louisiana, Third Circuit.
April 17, 2003.
*916 Earl B. Taylor, District Attorney, Alisa Ardoin Gothreaux, Asst. District Attorney, Opelousas, LA, for Plaintiff/Appellee State of Louisiana.
Kenota Pulliam Johnson, Louisiana Appellate Project, Shreveport, LA, for Defendant/Appellant Jerome Anthony Joseph.
Court composed of ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO WOODARD, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
The defendant, Jerome Anthony Joseph, was found guilty by a jury of possession of a firearm by a convicted felon, and was sentenced to serve ten years at hard labor without the benefit of probation, parole, or suspension of sentence. He appeals assigning as error that the evidence was insufficient to convict him; that the trial court improperly allowed the admission of other crimes evidence; and, that the trial court improperly granted the State's Motion in Limine denying the admission of an affidavit. For the following reasons, we affirm.

SUFFICIENCY OF EVIDENCE
Defendant contends the evidence presented at trial, when viewed in a light most favorable to the prosecution, was insufficient to sustain a verdict of guilty of possession of a firearm by a convicted felon. In State v. Elaire, 02-203, p. 1 (La.App. 3 Cir. 6/19/02), 820 So.2d 660, 661, we cited State v. Freeman, 01-997 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, with approval:
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La. 1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See Graffagnino, 436 So.2d at 563, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
Possession of a firearm by a convicted felon is governed by La.R.S. 14:95.1, which provides that it is unlawful for any person who has been convicted of certain enumerated felonies, which includes simple burglary to possess a firearm or carry a concealed weapon. We note that La.R.S. 14:95.1(C)(1) states that this section shall not apply to "any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence."
In State v. Recard, 97-754, p. 8 (La.App. 3 Cir. 11/26/97), 704 So.2d 324, 329, writ denied, 97-3187 (La.5/1/98), 805 So.2d 200, we held:
To convict Defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, *917 27,301 (La.App. 2 Cir. 9/27/95); 661 So.2d 657.
Defendant does not dispute that he has a prior felony conviction for simple burglary; however, he contends the State did not meet its burden of proving that he was in actual or constructive possession of a firearm or that he had general intent to possess a firearm.
Neither possession of a firearm by a convicted felon nor illegal carrying of weapons requires actual physical possession of a firearm upon the person of the accused; constructive possession of a firearm satisfies the possessory element. State v. Armentor, 94-745 (La.App. 3 Cir. 2/1/95); 649 So.2d 1187, writ denied, 95-0557 (La.6/30/95); 657 So.2d 1027, citing State v. Day, 410 So.2d 741 (La. 1982). Constructive possession exists when the illegal object is subject to the defendant's dominion and control. State v. Johnson, 463 So.2d 778 (La.App. 4 Cir.1985).
State v. Brooks, 99-478, p. 4 (La.App. 3 Cir. 12/8/99), 756 So.2d 336, 339, writ denied, 00-1492 (La.5/25/01), 792 So.2d 750.
Mere presence in an area where contraband is found or mere association with an individual found to be in possession of such does not necessarily establish possession. State v. Viera, 449 So.2d 644 (La.App. 4 Cir.1984), writ denied, 450 So.2d 962 (La.1984). However, an individual found in close proximity to an area where contraband is located may be considered in constructive possession if the contraband is subject to his dominion and control. The determination of whether there is "possession" sufficient to convict depends on the particular facts of the case. State v. Walker, 514 So.2d 602 (La.App. 4 Cir.1987); State v. Trahan, 425 So.2d 1222 (La.1983).
State v. Heacox, 543 So.2d 101, 105-06 (La.App. 3 Cir.1989).
La.R.S. 14:95.1 requires only general criminal intent, which means that the circumstances indicate that the accused "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14:10(2). Although the existence of intent is a question of fact, it need not be proven as such, but may be inferred from the circumstances of a transaction. La.R.S. 15:445.
Recard, 704 So.2d at 329-30.
"Guilty knowledge is an essential element in proving constructive possession and may be inferred from the circumstances. State v. Converse, 529 So.2d 459 (La.App. 1 Cir.), writ denied, 533 So.2d 355 (La.1988); State v. Jones, 551 So.2d 18 (La.App. 4 Cir.1989)." Brooks, 756 So.2d at 339-40.
The record reflects that, on January 31, 1998, Officer Cleveland Thomas was dispatched to a domestic disturbance at a trailer on Frilot Street in Opelousas, Louisiana. Once there, Officer Thomas tried to make contact with Defendant by knocking on both doors of the trailer. He got no response. C.J., Defendant's wife, told the officers that Defendant was in the trailer and to break the door down if they had to in order to get in the trailer. Once inside, Officer Thomas found Defendant in the front bedroom laying in bed. There was a rifle laying partially under the bed, within Defendant.'[1] According to C.J.'s *918 daughter,[2] C.O. said the gun was kept in the bedroom Defendant shared with her mother behind the door in the closet. C.O. also testified that Defendant shot something in the residence before the police came.
We note that Defendant attacked C.O.'s credibility making numerous references to inconsistent statements in her testimony. However, a review of the record indicates that the jury was aware of those inconsistencies and chose to ignore them in favor of her testimony referred to above. Further, our review of these inconsistencies reflects that they were minor and do not affect the conclusion that Defendant was in possession of a firearm on the day in question.
Accordingly, the testimony of C.O. is sufficient to place Defendant in actual physical possession of a firearm and prove his intent to possess. Also, the testimony of both C.O. and Officer Thomas shows that Defendant had constructive possession of the gun. Therefore, this assignment of error lacks merit.

OTHER CRIMES EVIDENCE
Defendant contends the trial court erred in allowing the admission of other crimes evidence and in denying a Motion for Mistrial based on the introduction of that evidence. Defendant maintains the State, as well as C.O., made reference to other crimes evidence, specifically, simple battery, aggravated assault with a dangerous weapon, simple criminal damage, illegal use of a weapon, and false imprisonment, during trial. Based on these references, Defendant avers that the mistrial he requested should have been granted.
In its opening statement, the State made the following remarks:
But specifically on the afternoon, the early afternoon hours of January 31st of 1998, [C.J.] and her daughter, [C.O.], and you're going to hear from [C.O.], came home and this defendant was home and a domestic disturbance was started by this defendant. He roughed them up, he threatened them, made accusations against them and they tried to leave.... He started trashing the house. He started ransacking it and started throwing pictures, breaking things, even went so far as to pull or cut the phone out of the wall so they couldn't call for help. And most importantly, he had a rifle. He had a .22 caliber Marlin rifle.... He threatened to kill them if they tried to leave. He held them prisoners in their own home against their will. In fact, he threatened to shoot them and at one point he even went so far as to fire a shot in the home....
It looked like all hell had broke loose. Pictures were broken, phones ripped out of the wall.
The State also made similar remarks in its closing statement.
.... On January 31st of 1998, all hell broke loose at the trailer on Frilot Street.... [C.O.] told us they had come home, a little ruckus started. He wasn't happy.... Again, it looked like all hell had broke loose. Pictures are smashed, glasses broken, lamps are damaged. But that's not the end of it. The phone is yanked out of the wall. He didn't want them to leave. And he armed himself with that gun and not only did he threaten [C.J.], but he threatened an eleven or twelve year old child. That's not the conduct of a man.... Not only *919 did he arm himself with the gun, but he went so far as to threaten a woman and more tragically an eleven or twelve year old child. Threaten to kill them, tell them that if they tried to leave, he was going to kill them. And in fact, to keep them honest what did he do? He cracked off a shot turning that trailer into a shooting gallery ... not only was the inside of the trailer damaged, but what did we see whenever Officer Thomas first got to the trailer? Pictures smashed right outside. I mean, again, all hell had broke loose. Acting like a maniac, threatening lives of a woman and a child with a gun.... He, the convicted felon who had threatened a child and threatened her mother and had even gone so far as to pop off a shot in the trailer.... Not only did he have actual possession because as [C.O.] said he was marching around that trailer like a storm trooper threatening them with the gun, threatened to kill them if they tried to leave, scaring them half to death, but then he even went so far as to keep them honest by popping off a shot into that plaque and then for....
Defendant failed to raise an objection at trial to the State's remarks during opening and closing statements. "`An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.' La.Code Crim.P. art. 841(A)." State v. Thibodeaux, 96-471, p. 7 (La.App. 3 Cir. 12/11/96), 687 So.2d 477, 481, writ denied, 97-0060 (La.5/30/97), 694 So.2d 243. Because Defendant did not enter an objection at the time the State made the challenged remarks, he did not preserve the assignment of error and cannot now seek appellate review of those remarks.
In C.O.'s case, she testified that, on the date of the incident, Defendant had a gun and would not allow her and her mother to leave their home. She also testified that Defendant said if they left he would kill them. Defendant objected after the second time C.O. testified she felt she could not leave her home, and argued that the introduction of other crimes evidence was grounds for a mistrial. The trial court overruled the objection pursuant to La. Code Evid. art. 404(B). C.O. stated that Defendant shot something with the gun. She also testified Defendant was having an argument with her mother at the time the offense occurred, and that once she and her mother were able to leave the house, they went to a neighbor's house and called the police.
La.Code Evid. art. 404(B) provides in pertinent part:
Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In State v. Colomb, 98-2813, pp. 3-4 (La.10/1/99), 747 So.2d 1074, 1075-76, the supreme court explained:
This Court has long approved of the introduction of other crimes evidence, both under the provisions of former R.S. 15:448 relating to res gestae evidence and as a matter of integral act evidence under La.C.E. art. 404(B), "when it is *920 related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." State v. Brewington, 601 So.2d 656, 657 (La.1992). This doctrine encompasses "not only spontaneous utterances and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances." State v. Molinario, 383 So.2d 345, 350 (La.1980). We have required a close connexity between the charged and uncharged conduct to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." State v. Haarala, 398 So.2d 1093, 1098 (La. 1981) (emphasis added); see also 1 McCormick on Evidence, § 190, p. 799 (4th ed., John William Strong, ed., 1992) (other crimes evidence may be admissible "[t]o complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.") (footnote omitted). The res geaste [sic] or integral act doctrine thus "reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness." Old Chief v. United States, 519 U.S. 172, 186, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether doing so would deprive its case of narrative momentum and cohesiveness, "with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict." Id.

Additionally, "[n]o pre-trial notice is necessary for other crimes evidence when the evidence forms an integral part of the crime charged. State v. Arvie, 97-990 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, writ denied, 98-2461 (La.1/29/99), 736 So.2d 827." State v. Williams, 00-1277, p. 7 (La.App. 3 Cir. 2/28/01), 779 So.2d 1106, 1110.
The current jurisprudence holds that under Article 404(B)(1) "[i]t is no longer true that whatever forms part of the res gestae is admissible, and such evidence remains subject to the balancing test of La.Code Evid. Ann. art. 403 (West 1994)." State v. Smith, 94-1502, p. 6 (La.App. 4 Cir. 1/19/95); 649 So.2d 1078, 1083, citing Authors' Note to Article 404(B), Handbook on Louisiana Evidence Law, Pugh, Force, Rault, and Triche (1994 ed.). See also, State v. McGuire, 577 So.2d 1120 (La.App. 1 Cir.), writ denied, 581 So.2d 704 (La. 1991).
State v. Arvie, 97-990, pp. 16-17 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, 818, writ denied, 98-2461 (La.1/29/99), 736 So.2d 827.[3] *921 [R]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, risk of misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403; See State v. Mosby, 595 So.2d 1135, 1138 (La.1992). Absent a clear abuse of discretion, the trial judge's determinations concerning relevancy and admissibility should not be overturned. State v. Vaughn, 431 So.2d 358, 361 (La. 1982); State v. Bates, 397 So.2d 1331, 1334 (La.1981) (same); State v. Stramiello, 392 So.2d 425, 427 (La.1980) (same).
State v. Cosey, 97-2020, pp. 13-14 (La.11/28/00), 779 So.2d 675, 684, cert. denied, 533 U.S. 907, 121 S.Ct. 2252, 150 L.Ed.2d 239 (2001).
In State v. Hamilton, 99-523 (La.App. 3 Cir. 11/3/99), 747 So.2d 164, 170, quoting State v. Felo, 454 So.2d 1150 (La.App. 4 Cir.1984), writ denied, 488 So.2d 686 (La. 1986), we wrote:
We note, parenthetically, that by "prejudicial", it cannot be meant simply "damaging"; if that were true, then any evidence which is probative would be "prejudicial". But it is only unfairly prejudicial evidence that cannot be admitted, State v. Germain, 433 So.2d 110 (La.1983), and as one court has noted, "unfair prejudice results from an aspect of the evidence other than its tendency to make the existence of a material fact more or less probable, e.g., that aspect of the evidence which makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105 (9 Cir.1982).
Defendant cites State v. Ramoin, 554 So.2d 278 (La.App. 3 Cir.1989), in support of his argument that the other crimes evidence introduced was inadmissible. We have reviewed that case and find it is distinguishable in that the referenced crime occurred twenty years prior to trial. In the case sub judice, the other crimes occurred on the same day and approximately at the same time as the charged offense.
In State v. Brewington, 601 So.2d 656, 656-57 (La.), on remand, 605 So.2d 4 (La. App. 3 Cir.1992), the court held that the "defendant's display of crack cocaine and a pistol tucked into his waistband, three hours after the victim was last seen alive in his presence and less than two hours before her death, formed an inseparable part of the state's substantial circumstantial evidence linking him to the shooting."
In State v. Curtis, 99-45 (La.App. 5 Cir. 7/27/99), 739 So.2d 931, defense counsel filed a motion in limine seeking to preclude the admission of other crimes evidence, the discovery of cocaine which occurred prior to the discovery of the weapon, which formed the basis for the charge of illegal carrying of weapons. The court concluded the evidence of the discovery of the cocaine formed an inseparable link in the continuous chain of events leading to the discovery of the weapon at issue in the proceeding, and the evidence was used only to complete the story of the crime on trial and allow the state to accurately present its case.
The events which led up to and surrounded Defendant's possession of a firearm formed an integral part of the offense, as the offenses were part of a single incident. These were events that could not be separated from the charged crime. It would have been difficult for the State to present its case without making any reference to the events which led up to Defendant's arrest.
*922 We note that the trial court did not perform a balancing test under,[4] but simply ruled that under the Article the evidence was admissible. We, however, find that the trial court was correct in its ruling and that the evidence was properly admitted because the probative value outweighed the prejudice. Accordingly, this assignment of error has no merit.

ADMISSION OF AN AFFIDAVIT
Defendant contends the trial court erred in granting the State's Motion in Limine, thereby denying the admission of C.J.'s affidavit. Defendant attempted to call Josie Frank, an attorney, as a witness at trial to testify that she had possibly taken an affidavit from Defendant's wife, stating she wanted certain charges dismissed. The court ruled such testimony was inadmissible because it was irrelevant and ordered the affidavit not be allowed into evidence.
The affidavit states in pertinent part:
I, [C.J.], would like to have the charges which resulted from an altercation on January 31, 1998 with my husband, JEROME JOSEPH, dismissed.
FURTHER, I would ask that the restraining order which was placed on my husband be recalled. We have sat down and discussed our problems and agreed that it is in the best interest of our family which includes two small children that JEROME JOSEPH be allowed to return home.
In Recard, 704 So.2d at 327, we said:
Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La.Code Evid. art. 401. "Evidence which is not relevant is not admissible." La.Code Evid. art. 402. The relevancy of evidence depends on whether it tends to prove or disprove a matter in issue. State v. Constantine, 364 So.2d 1011 (La.1978). The trial court is vested with wide discretion in determining the relevance of evidence. State v. Stowe, 93-2020 (La.4/11/94); 635 So.2d 168; State v. Miles, 402 So.2d 644 (La.1981). The trial court's determination regarding the relevancy of evidence offered is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Kahey, 436 So.2d 475 (La.1983).
Defendant was tried on the charge of possession of a firearm by a convicted felon. The affidavit does not tend to prove or disprove the matter at issue. Therefore, the trial court was correct in finding that the affidavit was irrelevant and it did not abuse its discretion in its ruling.
We also note that the affidavit (statement) that was made by C.J. (declarant), offered by Ms. Frank (a person other than the declarant) at the instant trial to prove that C.J. wanted the charges dropped (the truth of the matter asserted) is classic hearsay for which there are no exceptions. La.Code Evid. art. 801. Accordingly, this assignment of error lacks merit.

CONCLUSION
Defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] C.J. is the mother of the minor testifying in this matter. Accordingly, her initials will be used in accordance with La.R.S. 46:1844.
[2] Defendant was married to C.O.'s mother at the time of the offense, and C.O. lived with her mother and Defendant. C.O. was eleven or twelve at the time of the offense. Thus, out of precaution and in accordance with La.R.S. 46:1844, her initials will be used throughout.
[3] See also State v. Davis, 97-0817 (La.App. 4 Cir. 3/24/99), 735 So.2d 708, writ denied 99-1422 (La.11/12/99), 749 So.2d 651, and State v. Mitchell, 572 So.2d 800 (La.App. 4 Cir. 1990), writ denied, 576 So.2d 47 (La.1991). However, in Colomb, 747 So.2d at 1074, the supreme court stated it was not deciding whether integral act evidence presented under the authority of La.Code Evid. art. 404(B) must pass the balancing test of La.Code Evid. art. 403.
[4] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La.Code Evid. art. 403.