NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-62

STATE OF LOUISIANA

VERSUS

JARVIS KEON CAREY

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-K-3168
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

CONVICTION AFFIRMED; SENTENCE
REMANDED WITH INSTRUCTIONS.

Alisa Ardoin Gothreaux
Assistant District Attorney
27th Judicial District Court
P. O. Drawer 1968
Opelousas, LA 70571-1968
(337) 948-0551
Counsel for Appellee:
     State of Louisiana

Daniel James Stanford
Attorney at Law
117 Caillouet Place
Lafayette, LA 70501
(337) 232-2272
Counsel for Defendant/Appellant:
     Jarvis Keon Carey

**DECUIR, Judge.**

After a criminal conviction, the Defendant filed this appeal, raising one assignment of error for this court's review, an evidentiary matter pertaining to other crimes evidence.

<h2 style="text-align:center">FACTS</h2>

The Defendant, Jarvis Keon Carey, was charged by bill of information with unauthorized entry of an inhabited dwelling, a violation of La.R.S. 14:62.3, and simple battery, a violation of La.R.S. 14:35. The Defendant entered a plea of not guilty. The State chose not to pursue the simple battery charge, and proceeded to a jury trial on the unauthorized entry charge. A verdict of guilty of unauthorized entry of an inhabited dwelling was subsequently entered, and the Defendant was sentenced to three years at hard labor, suspended. The Defendant was placed on two years active supervised probation. Among other probationary conditions, the Defendant was ordered to pay a fine of $500.00, restitution of $250.00, reimbursement of $100.00 to the Indigent Defender's Office, and all costs of court.

At trial, the State presented evidence showing that on July 29, 2004, the Defendant forced open the door of Sonya Vallery's home and entered the home without her permission. Vallery's son was awakened and fled the house to get help. Witnesses testified that the door to Vallery's home was kicked in. Vallery herself appeared to have been in a struggle and was crying when the police arrived. Both the victim and the Defendant testified that they had a prior relationship, and there was some evidence that the events on the night in question may have been related to the ending of that relationship.

The Defendant was seen in the vicinity of Vallery's home later that night and was arrested at his own home shortly after the incident was reported.

## PATENT ERROR

Our review of the record shows that a verdict was not returned on the charge of simple battery. While the record indicates that the prosecutor made a decision not to try the Defendant on the simple battery charge, the record contains no formal disposition of the charge. Therefore, we must remand with instruction to properly dispose of this outstanding charge.

The record also discloses certain deficiencies in the sentence imposed upon the Defendant. The Defendant was ordered to pay restitution and reimbursement, as well as a $500.00 fine. However, the sentencing court did not devise a payment plan, nor did the court order a deadline for the payment of these amounts in a lump sum or immediate payment at the time of sentencing.

At the time of the commission of the instant offense, Louisiana Code of Criminal Procedure article 895.1(A) provided that a restitution payment imposed as a condition of probation "shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." Additionally, as required by La.Code Crim.P. art. 835, and recognized in *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 600, the payment plan must be imposed in the Defendant's presence. In *Stevens,* this court found that provisions that restitution be paid "over the duration of the supervised probation" and that reimbursement to the Indigent Defender Board be paid "over the 48 months of supervised probation" were "inadequate in that they do not either provide the monthly payment schedule with which the Defendant is to comply or provide for a payment plan to be formulated by Probation and Parole and approved by the trial court."

Accordingly, this matter must be remanded with instructions to the trial court to impose a payment plan for restitution and for reimbursement of the Indigent

2

Defender Board. As in *Stevens*, either or both payment plans may be determined by the trial court or Probation and Parole with approval by the trial court.

## DEFENDANT'S ASSIGNMENT OF ERROR

In his only assignment of error, the Defendant contends the trial court erred when it denied his motion for mistrial, which was based upon the State's failure to provide pre-trial notice of its intent to use other crimes evidence. The State then introduced other crimes evidence of an alleged battery committed upon Sonya Vallery on July 29, 2004, when the Defendant allegedly entered her residence without her authorization.

During its opening statement, the State remarked to the jury that the Defendant beat the victim upon forcibly entering her residence. The victim and other witnesses also testified that she had been beaten by the Defendant or that she was bruised. After the State's opening statement, defense counsel moved for a mistrial, arguing the State's comments amounted to the introduction of other crimes evidence and was prejudicial. The trial court denied the motion.

The Defendant asserts that evidence of an alleged battery committed upon Vallery constituted the use of other crimes evidence under La.Code Evid. art. 404. He also argues it was totally unnecessary to the State's case, and was highly prejudicial. Additionally, the Defendant asserts the State failed to provide him with notice that it would use such evidence.

Louisiana Code of Evidence Article 404 provides, in pertinent part:

> **B. Other crimes, wrongs, or acts.** (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence

3

it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

In *State v. Colomb*, 98-2813, pp. 3-4 (La. 10/1/99), 747 So.2d 1074, 1075-76,

the supreme court explained the *res gestae* or "integral act" evidentiary doctrine:

> This Court has long approved of the introduction of other crimes evidence, both under the provisions of former R.S. 15:448 relating to *res gestae* evidence and as a matter of integral act evidence under La.C.E. art. 404(B), "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." *State v. Brewington*, 601 So.2d 656, 657 (La.1992). This doctrine encompasses "not only spontaneous utterances and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances." *State v. Molinario*, 383 So.2d 345, 350 (La.1980). We have required a close connexity between the charged and uncharged conduct to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." *State v. Haarala*, 398 So.2d 1093, 1098 (La.1981) (emphasis added); *see also* 1 *McCormick on Evidence*, § 190, p. 799 (4th ed., John William Strong, ed., 1992) (other crimes evidence may be admissible "[t]o complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.") (footnote omitted). The *res geaste* [sic] or integral act doctrine thus "reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness." *Old Chief v. United States*, 519 U.S. 172, 186, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether doing so would deprive its case of narrative momentum and cohesiveness, "with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict." *Id*.

See also, *State v. Arvie*, 97-990 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, *writ denied*,

98-2461 (La. 1/29/99), 736 So.2d 827.

Pursuant to *Colomb* and *Arvie*, we find the evidence that the Defendant beat

Vallery once inside her home is permissible "integral act evidence" that simply

provided the jury with a complete scenario regarding the events surrounding the offense. *Colomb* left open the question of whether integral act evidence is subject to the balancing test of La.Code Evid. art. 403. However, this court has held that it is. *See State v. Joseph*, 02-1370 (La.App. 3 Cir. 4/17/03), 854 So.2d 914; *Arvie*, 709 So.2d 810.

Louisiana Code of Evidence Article 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." As noted by this court in *State v. Hamilton*, 99-523, pp. 9-10 (La.App. 3 Cir. 11/3/99), 747 So.2d 164, 170:

> Any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. The Louisiana Supreme Court in *State v. Germain*, 433 So.2d 110 (La.1983), said that "prejudicial" when used in the context of limiting the introduction of other crimes evidence, means "only when it is *unduly* and *unfairly* prejudicial." *Germain*, 433 So.2d at 118....
>
> . . . .
>
> Unfairly prejudicial evidence makes a conviction more likely because it inflames the emotions of the jury or affects the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. La.Code Evid. art. 403 permits the exclusion of relevant evidence, but only if the danger of unfair prejudice substantially outweighs its probative value.

The Defendant's complaint that the State did not provide him with notice of its intent to use other crimes evidence is also without merit. Louisiana law holds that "[n]o pre-trial notice is necessary for other crimes evidence when the evidence forms an integral part of the crime charged. *State v. Arvie*, 97-990 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, *writ denied*, 98-2461 (La.1/29/99), 736 So.2d 827." *State v. Williams*, 00-1277, p. 7 (La.App. 3 Cir. 2/28/01), 779 So.2d 1106, 1110.

**DECREE**

The Defendant's conviction is affirmed. However, we remand the case for a proper disposition of the outstanding charge of simple battery. Additionally, the trial court is instructed to impose a payment plan for restitution to Sonya Vallery and for reimbursement to the Indigent Defender Board. Either or both payment plans may be determined by the trial court or Probation and Parole and approved by the trial court. In all other respects the sentence imposed is affirmed.

**CONVICTION AFFIRMED; SENTENCE REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.