| JONES, Judge.
On October 23, 1997, Judge Julian A Parker, Section “G” Criminal District Court for the Parish of Orleans, rescinded and set aside a March 21,1997, ruling; thereby making Defendant, Dwayne Small’s original sentence of twenty-one (21) years executory. The Defendant through this writ application moves this court to reverse the ruling of the trial court reinstating the original sentence. The writ application is denied.

FACTS

On June 11, 1992, Dwayne Small was indicted for the crime of second degree murder in Section “C” Criminal District Court for the Parish of Orleans. On January 4,1997, a plea bargain agreement was entered into by the State and the Defendant. The State agreed to reduce the charge to. manslaughter in exchange for a guilty plea and a sentence of twenty-one (21) years in the Department of Corrections. Through Counsel, Ernest Caulfield, Dwayne Small entered a plea of guilty and was sentenced to twenty-one (21) years at hard labor.
[20n December 12, 1995, Dwayne Small, represented by his stepfather Donald Pink-ston, filed a Motion to Correct Excessive Sentence in Section “C”. On February 16, 1996, the State filed a memorandum in opposition to the Defendant’s motion. On March 1, 1996, the Defendant argued the motion and the State argued in opposition. After several continuances, on June 25,1996, Judge Ad Hoc Ike Spears, Section “C”, granted the Defendant’s motion, over the State’s objection, and reduced his sentence to twelve (12) years.
On July 2, 1996, the State filed a motion asking the court to reconsider its ruling to reduce the sentence. On October 4, 1996, after several continuances, Judge Ad Hoc Ike Spears granted the State’s motion and reinstated the original sentence of twenty-one (21) years. No appellate or supervisory relief was sought by the Defendant. On November 15, 1996, the matter came before Judge Sharon Hunter, Section “C”, for a status hearing, after which the court ruled the ease closed.
On March 21, 1997, without explanation the matter appeared on the docket of Section “G”, Judge Julian A Parker. On this date, Donald Pinkston’s oral motion represented that pursuant to a conference held with the State the matter was before the court to correct a minute entry. After a brief bench conference defense counsel waived the Defendant’s presence and the court proceeded with the matter. The record indicates the following colloquy:
THE COURT:
All right. Let a minute entry reflect that pursuant to the granting of the Motion for a New Sentence that was previously held by Judge Ike Spears, sitting Ad Hoc in Section “G”, the previous sentence in this ease is vacated and Mr. Small is resentenced and his new sentence is to serve nine [ (9) ] years in the custody of the Louisiana Department of Corrections at hard labor. Would this have been without benefit of parole?
MR. PINKSTON:
No, Your Honor.
IsTHE COURT:
Ml right. Without benefit of suspension of sentence and without benefit of probation. Nine years, Department of Corrections. Let the corrected minute entry issue in this case to facilitate the Motion for New Sentence that was previously granted by another judge in this ease.
The record does not reflect any objection to this ruling made by the State. The minute entry reflects that after Judge Parker’s ruling the matter was closed.
Pursuant to the Judge Parker’s March 21, 1997, ruling the Louisiana Department of *1202 Corrections released Dwayne Small from custody, having calculated that the sentence of nine (9) years had been served. The Defendant was released on March 25, 1997.
On September 26, 1997, the State filed a Motion to Correct Illegal Sentence in Section “G” and Section “C” where the Defendant was initially sentenced. On October 14,1997, after entertaining oral arguments on the State’s motion, Judge Parker, Section “G”, transferred the ease back to Section “C”. The Defendant objected to the transfer. On October 20,1997, Judge Sharon Hunter, Section “C”, after hearing oral arguments by the Defendant and State, refused to accept the case. In her ruling Judge Hunter stated, “any reconsideration of the ruling should be heard in Section “G”.” Accordingly, the matter was transferred back to Section “G”, over the State’s objection.
On October 23, 1997, the case once again, came before Judge Parker to rule on the State’s Motion to Correct Illegal Sentence of March 21,1997. With defense counsel, Donald Pinkston, present both sides agreed that the case was properly remanded to Section “G”. Notwithstanding any prior procedural issues concerning this ease’s allotment to Section “G”, Judge Parker’s ruling on the State’s motion reads as follows:
THE COURT:
All right. This matter came before the Court in March of this year. It came before the Court on the defense’s motion to correct an illegal minute entry. The State has |4since filed a motion to correct an illegal sentence; however, it was not the intention of this Court to ever sentence this Defendant. This ease was brought before the Court to correct an illegal minute entry which is a routine motion that is used to correct typographical errors in minute entries. It was never brought before me to reconsider a sentence, according to the record. I have no independent recollection of this case. And the transcript of what went on that day is less than two pages long, which leads me to believe that this case was only before me for a matter of minutes. The transcript reflects that Mr. Pinkston and the Assistant District Attorney had a conference about this case. And perhaps it could even be read to make one understand that there was even a bench conference in the case that day. And pursuant to whatever conferences defense counsel had with the Assistant District Attorney who was present in court, this Court was led to believe that there was some typographical error in the minute entry issued by Judge Spears that needed to be corrected, and I granted that motion. It’s a routine motion. I granted it; however, it was not the intention of this Court to resentence this person; therefore, the order of this Court issued on March 21st or 22nd, whatever day it was—
THE STATE:
21st, Your Honor.
THE COURT:
— March 21st, 1996 is hereby rescinded and set aside. And whatever sentence was in place at the time is reinstated. According to the record, it appears that the sentence that Judge Spears had actually sentenced Mr. Small to was a sentence of 21 years. Beyond that, I have no further knowledge about the history of this case other than what you have both told me in ex parte conversations; therefore, the sentence previously imposed by Judge Spears in this ease of 21 years is hereby made executory. Let a warrant of arrest issue for Dwayne Small, no bond. Mr. Pinkston, I’ll give you until the close of business on Friday to turn Mr. Small in.
Dwayne Small’s sentence of twenty-one (21) years with the Louisiana Department of Corrections was reinstated with credit for time served.

DISCUSSION

The Defendant argues that Louisiana Code of Criminal Procedure Article 882 prohibits the State from correcting the trial court’s March 21, 1997, sentence of nine (9) years. The Defendant argues that because the State waited ^approximately six (6) months before filing a motion to correct the nine (9) year sentence, the avenue of review is by means of *1203 writs of certiorari and prohibition. Additionally, he argues that because the March 21, 1997, sentence was within the sentencing guidelines it cannot be considered an illegal sentence; therefore, article 882 is inapplicable.
Article 882 of the Code of Criminal Procedure provides that an illegal sentence may be corrected on the application of the defendant or the state in both appealable and unappealable cases. In the appealable cases a sentence may be corrected by appeal. In unap-pealable cases a sentence is corrected by writs of certiorari and prohibition. LSA-C.Cr.P. art. 882.
The Defendant’s argument relies solely on the idea that the State is attempting to comply with the requirements of article 882. However, the State, in answering the Defendant’s writ application, cited Louisiana Code of Criminal of Procedure Article 881.2(A)(2) as the controlling authority. This article outlines the substantive requirements for reviewing sentences. In particular, the article states, “the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” LSA-C.Cr.P. art. 881.2(A)(2).
On January 4, 1993, Dwayne Small, represented by Ernest Caulfield pled guilty to the charge of manslaughter pursuant to a plea agreement. Clearly, the Defendant’s original sentence was imposed in strict conformity with the plea agreement as evidenced by the transcript of the proceedings which reads as follows:
MR. CAULFIED:
Your honor, in the matter of State of Louisiana versus Dwayne Small, Case number 356-748, my name is Ernest Caulfield an I represent the defendant. At this time, on behalf of the defendant, Your Honor, I would like to withdraw the former plea of not guilty and tender a plea of guilty to the charge of manslaughter. We have 16executed a Waiver of Constitutional Rights, Plea of Guilty form. I have gone over it with him and eveiything has been explained and he has indicated that he understands. In connection with the guilty plea, Your Honor, we would like to offer, introduce, and file into evidence the Waiver of Rights and Plea of Guilty form.
COURT:
Is that plea acceptable to the State?
STATE:
Your Honor, the plea is acceptable to the state provided that the defendant does receive the maximum sentence of 21 years.
MR. CAULFIED:
We understand that, Your Honor.
After further examination by the court, the Defendant was informed that upon acceptance of the plea he would be sentenced to twenty-one (21) years at hard labor. When asked by the court if he understood, he responded in the affirmative by answering, Wes”.
As a result of the plea agreement and the sentence imposed in conformity therewith, the Defendant was prohibited from appealing the sentence or having it reviewed. Pursuant to the Code of Criminal Procedure Article 881.2(A)(2), it was improper for Judge Ad Hoe Ike Spears, Section “C”, to entertain any attempt by the Defendant to have his sentence reviewed. On June 25,1996, Judge Spears reduced the Defendant’s sentence to twelve (12) years. However, some three (3) months later, on October 4, 1996, Judge Spears in accordance with article 881.2(A)(2) reinstated the original sentence of twenty-one (21) years. Therefore, Judge Spears’ reduction and reinstatement are of no issue to this Court.
On March 21, 1997, Judge Julian Parker, Section “G”, acting on the representation of the Defendant’s attorney, Donald Pinkston, entertained an oral motion “request[ing] the court to order a corrected minute entry be entered.” (Tr. of Status Hr’g of 3/21/97 at 2.) The oral motion presented by Donald Pinkston alleged that the minute entry reflecting the June 25, 1996, ruling by Judge Spears which reduced the Defendant’s sentence to ^twelve (12) years was erroneous. Based on the representations made by Mr. Pinkston, Judge Parker disposed of the motion by ruling as follows:
*1204 All right. Let a minute entry reflect that pursuant to the granting of the Motion for a New Sentence that was previously held by the Judge Ike Spears, sitting ad hoe in Section G, the previous sentence in this case is vacated and Mr. Small is resen-tenced and his new sentence is to serve nine years in the custody of the Louisiana Department of Corrections at hard labor.
Judge Parker was unaware of Judge Spears October 4, 1996, judgment reinstating the original sentence of twenty-one (21) years. Judge Parker explained in his per curiam that the October 14, 1996, minute entry reflecting Judge Spears reversal of June 25, 1996 ruling was “missing” from the record when it was reviewed on March 21, 1997.
Citing Code of Criminal Procedure Article 881.2(A)(2) the State moved the trial court to reinstate the Defendant’s original sentence. After reviewing the complete record Judge Parker, as stated in his per curiam, realized that Judge Spears reversed his June 25, 1996, ruling and reinstated the twenty-one (21) year sentence on October 4, 1996. Accordingly consistent with the Code of Criminal Procedure Article 881.2(A)(2), Judge Parker rescinded his March 21, 1997, ruling and reinstated the Defendant’s original sentence of twenty-one (21) years.
As a result of Judge Parker’s reinstating the sentence of twenty-one (21) years, Dwayne Small is serving the sentence imposed in conformity with the plea agreement. Furthermore, pursuant to Code of Criminal Procedure Article 881.2(A)(2), Dwayne Small is prohibited from appealing or seeking to have the sentenced reviewed.
For the foregoing reasons the writ application is denied. Furthermore, the matter is remanded to the trial court for contempt proceedings deemed necessary, but not inconsistent with the ruling of this Court.