853 So.2d 675 (2003)
STATE of Louisiana
v.
Cornell PHILLIPS.
No. 2003-KA-0304.
Court of Appeal of Louisiana, Fourth Circuit.
July 23, 2003.
*676 Eddie J. Jordan, Jr., District Attorney, Leslie Parker Tullier, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court Composed of Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR.).
MAX N. TOBIAS JR., Judge.
The defendant, Cornell Phillips ("Phillips"), was charged by bill of information on 5 November 2001 with one count of armed robbery, a violation of La. R.S. 14:64. Phillips entered a plea of not guilty at his 8 November 2001 arraignment. On 6 February 2002, a jury found Phillips guilty of attempted first-degree robbery. On 19 February 2002, Phillips was sentenced to thirteen years in the Department of Corrections. The trial court granted Phillips's motion for appeal on 21 October 2002.
STATEMENT OF FACTS
Brenda Lastrapes testified that one afternoon as she was exercising in her room Phillips, who appeared nervous and panicky, broke into her bedroom holding a large gun believed to be an AK-47. Ms. Lastrapes lived with her sister, Maria Aguillard, and Maria's two teenage children. Phillips asked Ms. Lastrapes about the whereabouts of a person she did not know. During the commotion Ms. Lastrapes' niece, Jennifer Aguillard, came out of her room, and Phillips turned his attention to her. Phillips and Jennifer knew each other because Phillips' brother and Jennifer were best friends. Phillips asked Jennifer to get her car and go with him. Ms. Aguillard convinced Phillips to take the car and leave Jennifer behind. When Phillips left in the vehicle Ms. Lastrapes, Jennifer, and Ms. Aguillard went to a nearby fire station to call the police and report the vehicle stolen. Later that same day Phillips turned himself in to the Kenner Police Department.
Ms. Aguillard testified corroborating Ms. Lastrapes's testimony.
Terri Phillips, Phillips' mother, testified that Phillips, his brother, Chad, and Jennifer would often hang out together. Ms. Phillips further testified that on the day of the incident Phillips was not trying to steal Ms. Aguillard's vehicle; instead, he only wanted to borrow it to take his injured friend, Aaron Bennett, to the hospital. Ms. Phillips testified that she tried to explain the situation to Jennifer, and Jennifer stated that she understood, but Ms. Lastrapes and Ms. Aguillard were the ones insisting that Phillips be charged with a crime. Ms. Phillips further testified that Phillips turned himself into the Kenner Police Department because he was afraid of what the police would do to him if they picked him up.
New Orleans Police Detective Jan Christiansen testified that he assisted in the investigation of the armed robbery involving Phillips. He testified that he prepared and showed a photographic line up to Ms. Lastrapes and Ms. Aguillard. Both *677 women separately identified Phillips as the person responsible for the robbery.
ERRORS PATENT
A review of the record reveals that the trial court failed to impose Phillips' sentence for attempted first-degree robbery without the benefit of probation, parole, or suspension of sentence as required by La. R.S. 14:64.1. Formerly this court followed State v. Fraser, 484 So.2d 122 (La.1986), which held that a sentencing error favorable to the defendant that is not raised by the state on appeal may not be corrected. However, the legislature enacted La. R.S. 15:301.1, which addresses those instances where sentences given contain statutory restrictions on parole, probation, or suspension of sentence. Paragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are included in the sentence given, regardless of whether or not they are imposed by the sentencing court. Furthermore, in State v. Williams, XXXX-XXXX (La. 11/28/01), 800 So.2d 790, the Louisiana Supreme Court ruled that paragraph A of the statute self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. Hence, this court need take no action to correct the trial court's failure to specify that the defendant's sentence be served without benefit of parole, probation, or suspension of sentence. The correction is statutorily effected. (La. R.S. 15:301.1A).
ASSIGNMENT OF ERROR NUMBER 1
Phillips complains that the trial court erred in denying his motion for mistrial after the state improperly referred to an unrelated allegation of attempted murder by Phillips.
During the cross-examination of Terri Phillips the following exchange took place between the assistant district attorney and the witness:
State: Right. Cornell never brought them their car, did he? He took it to Kenner and it was left on the side of the road, right?
Witness: Well, he was going to get his friend to bring his friend to the hospital when he went there to get the car. That's what I heard.
State: You're talking about Aaron Bennett right?
Witness: Yes.
State: And Aaron was shot that day by Cornell, right?
Witness: No. Aaron was not shot by Cornell that day.
State: You're aware that Cornell was arrested for shooting Aaron Bennett, aren't you?
Witness: Yes. I was aware of that.
State: With an AK-47?
Witness: I was aware of that but Cornell didn't shoot Aaron. Aaron was playing with the gun.
During the above-quoted exchange defense counsel did not object to the state's line of questioning. Defense counsel asked additional questions, briefly attempting to clarify that which had been brought up about Aaron Bennett. The defense then called its next witness. After resting its case for the defense, defense counsel then moved for a mistrial based on the above exchange, which the trial court denied.
La.C.Cr.P. art. 841 provides in part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
In the instant case defense counsel did not object to the state's question at the time of occurrence. Therefore, Phillips *678 failed to preserve his right to complain of the error on appeal. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Phillips complains that he received ineffective assistance of counsel based on the trial counsel's failure to move for mistrial sooner.
The Louisiana Supreme Court in State v. Brooks, 505 So.2d 714, 724 (La.1987), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), stated that hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful.
This court in State v. Jason, 99-2551, p. 8 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, 871, stated that the claim of ineffective assistance of counsel is to be assessed by the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that his counsel's performance was deficient and that the deficiency prejudiced him. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Jason, supra. Counsel's deficient performance will have prejudiced the defendant if he can show that the errors were so serious as to deprive him of a fair trial. To carry this burden, the defendant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Jason, supra.
Appellate counsel argues that Phillips received ineffective assistance of counsel because trial counsel did not object to the exchange discussed in assignment of error number one above. However, appellate counsel has failed to show how Phillips was prejudiced by the trial counsel's actions. Had trial counsel timely objected to the state's question, it might have been sustained. However, after a review of the record on appeal, we find the error was harmless. We fail to see how Phillips has been prejudiced. An error is harmless unless a reviewing court is thoroughly convinced that the remarks inflamed the jury and contributed to the verdict. State v. Byrne, 483 So.2d 564 (La.1986); La.C.Cr.P. art. 921.
Phillips' arrest for the shooting of Aaron Bennett should be considered res gestae or an integral part of the charged offense. In State v. Major, XXXX-XXXX, p. 12 (La.App. 4 Cir. 10/2/02), 829 So.2d 625, 635, this court during a discussion of res gestae in footnote 8 noted:
The Legislature has codified the res gestae exception in La. C.E. art. 404(B), which provides that other crime evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." In so doing, the Legislature departed from the ambiguous phrase res gestae.

In State v. Joseph, XXXX-XXXX, pp. 4-5 (La.App. 3 Cir. 4/17/03), 854 So.2d 914, 919-21, 2003 WL 1889454,[1] the Third Circuit found:
La.Code Evid. Art. 404(B) provides in pertinent part:

*679 Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In State v. Colomb, 98-2813, pp. 3-4 (La.10/1/99), 747 So.2d 1074, 1075-76, the supreme court explained:
This Court has long approved of the introduction of other crimes evidence, both under the provisions of former R.S. 15:448 relating to res gestae evidence and as a matter of integral act evidence under La.C.E. art. 404(B), "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." State v. Brewington, 601 So.2d 656, 657 (La.1992). This doctrine encompasses "not only spontaneous utterances and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances." State v. Molinario, 383 So.2d 345, 350 (La.1980). We have required a close connexity between the charged and uncharged conduct to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." State v. Haarala, 398 So.2d 1093, 1098 (La.1981) (emphasis added); see also 1 McCormick on Evidence, § 190, p. 799 (4th ed., John William Strong, ed., 1992) (other crimes evidence may be admissible "[t]o complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.") (footnote omitted). The res geaste [sic] or integral act doctrine thus "reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness." Old Chief v. United States, 519 U.S. 172, 186, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether doing so would deprive its case of narrative momentum and cohesiveness, "with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict." Id.
Additionally, "[n]o pre-trial notice is necessary for other crimes evidence when the evidence forms an integral part of the crime charged. State v. Arvie, 97-990 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, writ denied, 98-2461 (La.1/29/99), 736 So.2d 827." State v. Williams, 001277, *680 p. 7 (La.App. 3 Cir. 2/28/01), 779 So.2d 1106, 1110.
The current jurisprudence holds that under Article 404(B)(1) "[i]t is no longer true that whatever forms part of the res gestae is admissible, and such evidence remains subject to the balancing test of La.Code Evid. Ann. art. 403 (West 1994)." State v. Smith, 94-1502, p. 6 (La.App. 4 Cir. 1/19/95); 649 So.2d 1078, 1083, citing Authors' Note to Article 404(B), Handbook on Louisiana Evidence Law, Pugh, Force, Rault, and Triche (1994 ed.). See also, State v. McGuire, 577 So.2d 1120 (La.App. 1 Cir.), writ denied, 581 So.2d 704 (La. 1991).

State v. Arvie, 97-990, pp. 16-17 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, 818, writ denied, 98-2461 (La.1/29/99), 736 So.2d 827.
[R]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, risk of misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403; See State v. Mosby, 595 So.2d 1135, 1138 (La. 1992). Absent a clear abuse of discretion, the trial judge's determinations concerning relevancy and admissibility should not be overturned. State v. Vaughn, 431 So.2d 358, 361 (La.1982); State v. Bates, 397 So.2d 1331, 1334 (La.1981) (same); State v. Stramiello, 392 So.2d 425, 427 (La.1980) (same).

State v. Cosey, 97-2020, pp. 13-14 (La.11/28/00), 779 So.2d 675, 684, cert. denied, 533 U.S. 907, 121 S.Ct. 2252, 150 L.Ed.2d 239 (2001).
During the testimony of defense witness, Ms. Phillips, defense counsel asked the witness if Phillips had been arrested for stealing Ms. Aguillard's vehicle. Ms. Phillips responded by saying that Phillips did not steal the vehicle, but he used it to take his injured friend to the hospital. The defense opened the door to further details about a shooting when Ms. Phillips' testified that Phillips took the vehicle to help his friend.
Phillips was convicted of attempted first-degree robbery, a lesser-included offense of armed robbery. It does not appear and we do not find that the jury considered the state's questions about Phillips' arrest when determining its verdict. This assignment of error is without merit.
CONCLUSION
Accordingly, Phillips's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We have deleted the footnote from the following quote, which cited additional jurisprudence.