982 So.2d 926 (2008)
STATE of Louisiana
v.
Leann T. JOCHUM.
No. 2007-KA-0815.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
Charles Foti, Attorney General, Darryl W. Bubrig, Sr., District Attorney, Belle Chasse, LA, and Gilbert V. Andry IV, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Appellant, Leann T. Jochum.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge LEON A. CANNIZZARO, JR.)
LEON A. CANNIZZARO, JR., Judge.
The defendant, LeAnn Jochum, was indicted for the first degree murder of Lionel Payne, Sr., and pled not guilty. Trial commenced on October 17, 2006. The next day, the State amended the bill to charge Ms. Jochum with attempted first degree murder. She withdrew her plea of not guilty and pled guilty as charged to the *927 amended bill, agreeing to a sentence of not less than thirty nor more than forty years at hard labor. The court reset sentencing a few times, and at some point Ms. Jochum filed a motion to withdraw her guilty plea. On March 7, 2007, she withdrew her motion to withdraw her guilty plea, but argued that she should be sentenced to a term of less than thirty years. Following the hearing, the court sentenced her to serve thirty years at hard labor. Ms. Jochum appealed.

FACTS
Because Ms. Jochum pled guilty to an amended indictment, the facts of the underlying offense are mostly unknown. Ms. Jochum and her boyfriend were charged with the first degree murder of Mr. Payne, their elderly male neighbor. Ms. Jochum's boyfriend shot and killed the victim during a robbery of his home.

DISCUSSION
Errors Patent/Assignment of Error Two
By her second assignment of error, Ms. Jochum requests a review of the record for errors patent. A review of the record reveals that the court erred by failing to impose Ms. Jochum's sentence without the benefit of parole, probation, or suspension of sentence. See La. R.S. 14:27; 14:30. As such, the sentence is illegally lenient. However, as per La. R.S. 15:301.1 A and State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790, the sentence is deemed to have been imposed with these restrictions of benefits, even in the absence of the trial court's delineation of them. Thus, this court does not have to correct the sentence. See State v. Phillips, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 675.
There were no other patent errors.
Remaining Assignment of Error
By her remaining assignment of error, Ms. Jochum contends that the trial court erred by imposing an excessive sentence. She acknowledges that she pled guilty pursuant to a plea bargain wherein she knew she would receive a sentence of thirty to forty years at hard labor, but she insists that the thirty-year sentence imposed by the court is nonetheless excessive in her case. The maximum sentence Ms. Jochum could have received for attempted first degree murder was fifty years at hard labor. See La. R.S. 14:27; 14:30.
Ms. Jochum cannot now complain about her sentence because the record reflects that it was part of her plea bargain to the amended charge in the indictment. In State v. Miller, XXXX-XXXX, pp. 16-17 (La. App. 4 Cir.7/25/01), 792 So.2d 104, 116, this court noted:
A defendant who receives a sentence in conformity with a plea agreement set forth in the record at the time of the plea is prohibited from seeking review of the sentence. LSA-C.Cr.P. art. 881.2 A(2). State v. Small, 97-2470 (La.App. 4 Cir. 11/19/97); 702 So.2d 1200, writ denied, 97-3150 (La.4/9/98); 717 So.2d 1143; State v. Neville, 95-0547 (La.App. 4 Cir. 5/16/95), 655 So.2d 785, writ denied, 95-1521 (La.9/29/95); 660 So.2d 851.
Here, although the record does not contain the transcript of Ms. Jochum's guilty plea, the minute entry of that date indicates that Ms. Jochum, who at the time was in the middle of her trial for first degree murder, pled guilty to the amended charge of attempted first degree murder in exchange for a sentence of thirty to forty years at hard labor and her testimony against her codefendant. The court then reset sentencing.
By the time of sentencing on March 7, 2007, Ms. Jochum had filed a motion to *928 withdraw her guilty plea. However, at the hearing she withdrew this motion, moving instead to have the court sentence her to less than thirty years at hard labor. The trial court denied this request, noting that Ms. Jochum had knowingly and voluntarily pled guilty to the lesser offense in order to avoid a possible life sentence. The court briefly recounted the facts of the murder, noting that although no one was at home when Ms. Jochum and her codefendant entered the victim's house, they knew of the possibility that someone might enter because they were wearing masks. The court also noted that although the defendants were not armed when they entered, Ms. Jochum's co-defendant armed himself when the victim arrived home and shot the victim while the victim was lying on the floor. The court found that Ms. Jochum showed a lack of remorse for her actions until it became clear to her that she would be spending a good portion of her life behind bars. The trial court judge noted that even if he had not been bound by the terms of the plea bargain, Ms. Jochum's actions merited a sentence of more than the ten years she sought. The trial court then sentenced Ms. Jochum to serve thirty years at hard labor, the minimum sentence to which she pled guilty under the agreement.
Given the plea agreement in this case and the trial court's reasoning, Ms. Jochum's claim has no merit.

DECREE
Accordingly, Ms. Jochum's conviction and sentence are affirmed.
AFFIRMED.