CHARLES R. JONES, Judge.
liThe Appellant, Terrance James, appeals his conviction and sentence for armed robbery. Concurrently with James’ appeal, his counsel filed a motion to withdraw. We affirm the decision of the district court and grant counsel’s motion to withdraw.
On March 7, 2005, Terrance James was charged by bill of information with armed robbery. James pled not guilty. A jury trial was held on March 21 and 22, 2007, where James was found guilty of armed robbery. On June 29, 2007, James was sentenced to imprisonment at hard labor for twenty-five (25) years without benefit of probation, parole or suspension of sentence, with credit for time served. The State subsequently filed a multiple bill of information, charging James as a habitual offender under La. R.S. 15:529.1 A(l)(a). On August 30, 2007, after finding James a *809 second offender, the district court vacated his prior sentence and sentenced him to forty-nine and one half years at hard labor with credit for time served.
|2On September 4, 2007, James filed a motion to reconsider sentence and for appeal. The district court denied the motion to reconsider sentence and granted the motion for appeal. James’ appeal was timely lodged in this Court.
On December 21, 2004, two armed men held up the Algiers Cheers bar. One gunman approached the bartender, Nieves Weir, with his gun drawn and demanded the “video poker money.” The other gunman remained by the door. Bar customers immediately hit the floor without obtaining a visual identification of the gunmen’s faces. At trial, Ms. Weir testified that she saw the face of the gunman who confronted her for ten seconds before she was instructed to turn around and hand over the money. Said gunman obtained the cash, and instructed her to lie on the floor. Ms. Weir testified that the gunman had a cast on his right leg. Customer Scott Vieages also saw the cast while he was lying on the floor. A video surveillance tape recorded the robbery. Facial features were not visible on the video.
Detective Ryan Aucoin responded to the barroom robbery and interviewed Ms. Weir and Mr. Vieages at the scene. Ms. Weir testified that she told Det. Aucoin she could identify the gunman who confronted her. The initial police report recorded the gunman’s height, weight, and the observance of the cast. When Det. Aucoin viewed the surveillance video he noticed one of the gunmen had a cast or bandage on his right foot and walked with a limp.
Shortly thereafter, Det. Aucoin was informed by Det. Michael Thomassie that appellant, Terrance James, had a cast on his right foot at the time of the robbery. Prior to the barroom robbery, Det. Tho-massie had investigated an attempted robbery charge where James’ had been the victim. As a result of the altercation, James wore a cast due to a gunshot wound to his right foot. Det. | ¡/Thomassie remembered James and thought he might be involved because he fit the- gunman’s description. Det. Thomassie passed his suspicions along to Det. Aucoin. James became a suspect at that time.
Det. Aucoin included James’ picture in a photo lineup that he presented to Ms. Weir on December 31, 2004, ten days after the robbery. The lineup was comprised of six headshots. Ms. Weir positively identified James as the gunman who held her up. Det. Aucoin later arrested James and advised him of his rights. James volunteered information that he was going to the bar that night, but as he “was gonna go in ... he seen two individuals walking up that looked like they was going to rob the place,” so he left instead.
The sole assignment of error James raises in his pro se supplemental brief is that the evidence presented at trial was insufficient because Ms. Weir’s testimony was not credible for the following reasons: (1) she gave inconsistent statements, (2) she gave conflicting testimony, and (3) her observations of the defendant at the time of the robbery had changed. The question for this Court then is whether Ms. Weir’s testimony is unreliable to a degree that would make the evidence against James insufficient for a conviction of armed robbery.
This Court has set out the well-settled standard for reviewing convictions for sufficiency of the. evidence in State v. Jones, 97-2591, p. 6 (La.App. 4 Cir. 9/8/99), 744 So.2d 165, 169 as follows:
*810 The relevant inquiry when reviewing a conviction for the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Marshall, 94-1282 (La.App. 4 Cir. 6/29/95), 657 So.2d 1106; La.C.Cr.P. art. 821. Where the defendant asserts he was [¿not the perpetrator, the state bears the burden of negating any reasonable probability of misidentification. State v. Powell, 27,-959 (La.App. 2 Cir. 4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App. 2 Cir. 10/30/96), 682 So.2d 847, writ denied, 99-0210 (La.5/14/99), 745 So.2d 12. Additionally, a jury’s credibility decision shall not be disturbed unless it is clearly contrary to the evidence presented. State v. Harris, 624 So.2d 443 (La.App. 4 Cir.1993), writ denied 93-2609 (La.6/24/94), 640 So.2d 1339; State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
After an evaluation of the weight of the evidence and the testimony as a whole, this Court finds no basis for making a determination that Ms. Weir’s testimony is contradictory in any material manner. The jury is given deference to determine Ms. Weir’s credibility to make a positive identification. State v. Ford, 28,724, p. 3 (La.App. 2 Cir. 10/30/96), 682 So.2d 847, 850. This court will not disturb that determination unless the evidence is clearly contrary to the witness’ testimony. State v. Harris, 624 So.2d 443, 447 (La.App. 4 Cir.1993).
James alleges that Ms. Weir’s testimony is not credible due to discrepancies in her testimony given at the probable cause hearing and the trial. Specifically, Ms. Weir testified at the probable cause hearing that she had an opportunity to see the gunman’s face during the robbery for up to five (5) minutes. At trial, Ms. Weir testified she saw the gunman’s face for ten (10) seconds. Additionally, Ms. Weir testified that she was able to identify James’ from the photo lineup in two to four seconds. On cross-examination, however, Ms. Weir explained she examined the photos for five minutes. Lastly, James alleges that Ms. Weir had initially lied about seeing the cast on the gunman’s leg.
IsThe discrepancy in Ms. Weir’s testimony regarding the duration of time she saw the gunman’s face is not material. Ms. Weir testified in both the probable cause hearing and at trial that she could positively identify the gunman’s face from the time of the robbery. Whether Ms. Weir had ten seconds to identify James or five minutes is overridden by her claim that she could identify the gunman from the time of the altercation. Moreover, it is reasonable to believe that Ms. Weir could identify the gunman considering that he directly approached her with his gun drawn, and his face was uncovered. Additionally, ten days after the robbery Ms. Weir was presented with a photo lineup of six suspects. The photo lineup was comprised of head-shots only. Ms. Weir identified James as the gunman who approached her in the bar with his face uncovered. James’ and the gunman wore a cast on their right foot. Ms. Weir also positively identified James in court. Ms. Weir’s testimony never deviated from the claims that she saw the gunman’s face, and that she could positively identify him.
Regarding the duration of time Ms. Weir took to identify James from the photo lineup, we find no indication of a materi *811 al contradiction in Ms. Weir’s testimony. Ms. Weir clarified at trial that she did identify James’ photo in seconds but took extra time because she “wanted to be accurately sure.” The jury is given the discretion to determine whether they would believe Ms. Weir’s testimony.
Furthermore, this Court finds that any rational jury was capable of finding James’ guilty of armed robbery. The evidence viewed in the light most favorable to the state showed that James was the gunman who held Ms. Weir at gunpoint and proceeded to rob the Algiers Cheers bar. At trial, Ms. Weir testified that she saw the gunman’s face. Ms. Weir also testified that the gunman had a cast on his foot at the time of the robbery. Mr. Vieages, a customer at the bar on the evening of the 1 ¿robbery, also testified that the gunman had a east on his foot. Moreover, Det. Aucoin testified that his initial report taken the night of the robbery corroborated the existence of the cast or bandage on the gunman’s foot. From the evidence of the cast, Det. Aucoin was able to provide a facial photo lineup of suspects to Ms. Weir after he consulted with Det. Thomassie. Ms. Weir was then able to make a positive identification of James’ face without any reference to the existence of the cast. Lastly, James had placed himself at the scene of the robbery the very night it took place when he stated that he planned on entering the bar until he noticed two men were about to rob it. Thus, we find that this assignment of error is without merit.
A review of the record for errors patent reveals that the sentence imposed by the district court is illegally lenient. James was initially sentenced to twenty-five years at hard labor without benefit of probation, parole, and suspension of sentence. After being adjudicated a second offender, the district court vacated the original sentence and sentenced James under the multiple offender statute to forty-nine and one half years at hard labor. La. R.S. 15:529.1(G) provides that all sentences imposed under the statute are to be served without benefit of probation or suspension of sentence. Thus, the appropriate legal sentence is to provide that James serve the forty-nine and one half years at hard labor without benefit of probation, parole, and suspension of sentence, with credit for time served. Additionally, Paragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are included in the sentence given, regardless of whether or not they are imposed by the sentencing court. La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence. State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799. Thus, this Court need not take action to correct the district court’s oversight to specify James’ sentence to be served without benefit of parole, probation, or suspension of sentence. The correction is statutorily effected. State v. Phillips, 03-0304, p. 3 (La.App. 4 Cir. 7/23/03), 853 So.2d 675, 677. No other errors patent were found.
Lastly, James’ counsel filed a motion to withdraw. “If counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” State v. Benjamin, 573 So.2d 528, 529 (La.App. 4th Cir.1990) (quoting Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d. 493 (1967)). The Louisiana Supreme Court expounded upon the Anders requirements in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 241 (per curiam), when it stated the following:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial *812 court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.
Additionally, counsel must review the procedural history of the case, the sufficiency of the evidence presented at trial, the lack of objection to any of the testimony presented at trial, and the adequacy of district court’s compliance with Louisiana’s sentencing guidelines. Id. at 242. The brief must also contain “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Id.
Counsel has fulfilled all the necessary criteria. Counsel has reviewed the procedural history and the facts of the case. Counsel has evaluated James’ sentence and determined it to be within the statutory range. Counsel has |sthoroughly evaluated the record for possible defenses and has clearly explained why the case has no “non-frivolous” issues for appeal. In addition, counsel certified that James received a copy of its brief, thereby allowing James to submit the supplemental pro se brief, which we have reviewed. Moreover, our independent review of the record has disclosed no “non-frivolous” issues and no rulings that would arguably support an appeal. It is evident to this Court that James has received effective and diligent advocacy from counsel. Therefore, the motion to withdraw of James’ counsel is granted.
DECREE
For the foregoing reasons, the judgment of the district court is affirmed and the motion to withdraw is granted.
AFFIRMED; MOTION GRANTED.