EDWIN A. LOMBARD, Judge.
| iTroy Harris appeals his convictions for aggravated rape, aggravated kidnapping, and indecent behavior with a juvenile in the presence of an individual under the age of thirteen years. After review of the record in light of the applicable law and arguments of the parties, the defendant’s convictions and sentences are affirmed.

Relevant Facts and Procedural History

On August 28, 2008, the defendant was indicted by a grand jury for aggravated rape, aggravated kidnapping, and indecent behavior with a juvenile in the presence of an individual under the age of thirteen years. He was arraigned on November 3, 2008, and pleaded not guilty. Although informed of his right to be tried by a judge or a jury, he did not make a selection at the arraignment hearing. However, when the matter came to trial on May 4, 2010, as indicated in the following colloquy, the defendant elected to waive his right to trial by jury and proceed with a judge trial:
DEFENSE COUNSEL: Judge, at this time Mr. Harris wants to waive his right to a jury trial. I have met with Mr. Harris several times on this issue, and several times he has told me of his desire to waive the jury. I have told him about the consequences, and I have instructed him that my advice was to not waive the jury trial, but he wants to go ahead and waive the jury trial and proceed with a judge trial.
JUDGE: What do you care to do, sir? DEFENDANT: What?
12JUDGE: You have the right to be tried before a judge or a jury. Make your selection.
DEFENDANT: A judge.
JUDGE: Alright. Let the record reflect that the defendant has indicated that he wants a judge trial.
Shortly thereafter, the judge trial began. After the State’s first witness, Detective Kurt Coulon of the New Orleans Police Department (the investigating officer), completed his testimony, however, the judge recessed the trial. The following day (May 5, 2010), rather than continuing the trial, the judge opened a hearing to determine if the defendant was competent to proceed with the trial.[1]
After interviewing the defendant, Dr. Sarah Deland, an expert in Forensic Psychiatry, testified that he understood the charges, the seriousness of those charges, his legal rights, offered a plausible explanation for choosing a judge trial over a jury trial, and had an adequate understanding of the proceedings.[2] However, *495 Dr. Deland was concerned because the defendant expressed paranoid ideas about his current attorney, as well as one idea about his defense that she did not believe |swas rooted in rational thinking. Thus, although she believed the defendant had an adequate understanding of the proceedings, Dr. Deland questioned his ability to effectively assist counsel and, in order to reach a final decision, was interested in obtaining a second opinion from another doctor. Accordingly, the trial court appointed Dr. Raphael Salcedo and Dr. Richard Richaux to participate in the sanity commission and the matter was recessed.
On May 11, 2010, Dr. Richaux testified that he along with Dr. Salcedo interviewed the defendant on May 6, 2010. Dr. Ri-chaux stated that the defendant showed no signs of psychotic symptoms, did not say anything of a delusional nature, and was not showing any disorganization or abnormalities of thought process or content. Dr. Richaux discussed the contents of the defendant’s letter to his sister with him and opined that the defendant was not describing true visual hallucinations but, rather, something akin to an image in his mind when he talked about God. Dr. Ri-chaux testified that the defendant understood the nature of the proceedings and, in his opinion, was fully capable of assisting counsel in that he could listen to testimony, point out any inconsistencies to counsel, and testify on his own behalf if necessary. It was stipulated that if Dr. Salcedo were to testify, his testimony would be substantially similar to Dr. Richaux’s testimony. Based upon the testimony and stipulated testimony, the judge found that the defendant understood the nature of the proceedings and was able to assist his attorney in his defense.
On May 18, 2010, the trial resumed. The State presented the testimony of the ten-year-old victim, the victim’s eight-year-old sister, the victim’s mother, Dr. Mayling Gutierrez Walker (a clinical psychologist who interviewed the victim at the New Orleans Child Advocacy Center), and Dr. Yameika Head (the pediatric president who examined the victim at the New Orleans Child Advocacy Center). After submitting videotapes of the forensic interviews with the victim and the victim’s sister into evidence, the State rested. The defendant moved for a directed verdict, which was denied, and then replayed portions of the videotaped interviews. After replaying portions of the videotaped interviews, the defense rested. After closing arguments, the trial judge found the defendant guilty of indecent behavior with a juvenile in the-presence of an individual under the age of thirteen years, aggravated kidnapping, and attempted aggravated rape.
The defendant was sentenced to concurrent sentences of life imprisonment without benefit of probation, parole, or suspension of sentence for aggravated kidnapping, a twenty-five year term of imprisonment for attempted aggravated rape, and a twenty-five year term of imprisonment for indecent behavior with a juvenile in the presence of an individual under the age of thirteen years.

*496
Discussion

In his only assignment of error, that defendant argues that the trial judge erred in allowing him to waive a jury trial without further questioning concerning his understanding of the consequences and his constitutional right to a jury trial. The defendant contends that the colloquy was insufficient in light of the fact that his mental competency had been questioned. Furthermore, the defendant contends that his waiver was insufficient because the trial judge failed to inform him that his right to a jury trial was a constitutional right.
Pursuant to La.Code Crim. Proc. art. 780(A) “[a] defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.” Although the waiver generally is |¿¡entered at arraignment, at the time[3] of the defendant’s trial, a trial judge could accept a waiver of a jury trial at any time before the trial began. La.Code Crim. Proc. art. 780(B). The waiver is valid only if the defendant acted voluntarily and knowingly and, thus, because the waiver must be express and cannot be presumed the record must show a knowing and intelligent waiver. State v. Duplessis, 2007-1005, p. 5 (La.App. 4 Cir. 12/19/07), 974 So.2d 65, 68 (citations omitted). However, although the trial judge must determine if the defendant’s waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. Id.
The record in this case reflects that when counsel for the defendant informed the trial judge of the defendant’s decision to waive his right to a jury, counsel advised the court that (1) he met with the defendant on several occasions to discuss the decision; (2) he advised the defendant of the consequences of his decision; (3) he counseled Mr. Harris against waiving the jury; and (4) despite his advice, the defendant decided to proceed with a judge trial. The trial judge then personally addressed the defendant and advised him again of his right to be tried by a jury or a judge before asking him to make his selection. The defendant clearly stated that he wanted a judge trial.
Although the defendant’s competency was called into question, the trial court found the defendant competent to proceed and the trial court’s decision is fully supported by the record. There is nothing to suggest that the defendant was not capable of making an informed decision. Furthermore, the jury trial waiver | (¡occurred prior to any issue of the defendant’s competency being called into question and was treated appropriately.
Finally, the defendant’s suggestion that the waiver was inadequate because the trial judge failed to advise him that his right to a jury trial was guaranteed by the Constitution is without merit. Trial judges are not called upon to advise defendants of the basis of their rights. Rather, it is sufficient that the defendant was clearly and unequivocally advised that he had a right to be tried by a jury. Accordingly, on the record before us, we find that the defendant was adequately advised of his right to a jury trial and that he knowingly and voluntarily waived that right. This assignment of error is without merit.

Error Patent Review

A review of the record fails to show with respect to the sentences imposed for counts one and three of the indictment *497 that the district court imposed any restrictions on parole eligibility. The sentencing provision for aggravated rape requires that the entire sentence be imposed without parole eligibility, and the sentencing provision for indecent behavior with a juvenile requires that the first two years of the sentence be imposed without parole eligibility. See La.Rev.Stat. 14:42; La. Rev.Stat. 14:81(H)(2). However, pursuant to La.Rev.Stat. 15:301.1(A) and State v. Williams, 2000-1725, p. 10 (La. 11/28/01), 800 So.2d 790, 799, the sentences are deemed to have been imposed with the restriction despite the trial court’s failure to delineate the parole restrictions. Thus, there is no need for this court to correct the sentence. See State v. Phillips, 2003-0304, p. 3 (La.App. 4 Cir. 7/23/03), 853 So.2d 675, 677. | Conclusion
The defendant’s convictions and sentences are affirmed.
AFFIRMED.

. The transcript indicates that concern as to his competence was created by statements the defendant made in a letter to his sister, the victim’s mother, describing his vision involving God offering him forgiveness.

. Pursuant to State v. Bennett, 345 So.2d 1129 (La. 1977) (on rehearing), the decision regarding a defendant’s competency to stand trial should not turn solely upon whether he suffers from a mental disease or defect, but must be made with specific reference to the nature of the charge, the complexity of the case, and the gravity of the decision with which the defendant is faced. Thus, the appropriate considerations in determining whether the defendant is fully aware of the nature of the proceedings include whether (1) he understands the nature of the charge and can appreciate its seriousness; (2) he understands what defenses are available; (3) he can distinguish a guilty plea from a not guilty plea and understand the consequences of each; (4) he has an awareness of his legal rights; and (5) he understands the range of possible verdicts and the consequences of conviction. Bennett, 345 So.2d at 1138. In determining the defendant's ability to assist in his defense, the court *495 should consider whether (1) he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; (2) he is able to assist counsel in locating and examining relevant witnesses; (3) he is able to maintain a consistent defense; (4) he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; (5) he has the ability to make simple decisions in response to well-explained alternatives; (6) if necessary to defense strategy, he is capable of testifying in his own defense; and (7) to what extent, if any, his mental condition is apt to deteriorate under the stress of trial. Id.

. Art. I, § 17 of the Louisiana Constitution has since been amended to provide that the waiver must occur "no later than forty-five days prior to the trial date and the waiver shall be irrevocable.”